# Dunn Isaacson Rhee

December 7, 2025

Hon. John A. Woodcock, Jr.
Margaret Chase Smith Courthouse
202 Harlow Street
Bangor, Maine 04401

*Re*:   AbbVie Notice of Intent to Move to Intervene (Dkt. No. 25) in *The American Hospital Association, et al. v. Kennedy, et al.*, Case No. 2:25-cv-00600-JAW

Dear Judge Woodcock:

Plaintiffs write to address AbbVie Inc. and Pharmacyclics LLC's (together, "AbbVie") December 5, 2025 Notice of Intent to Move to Intervene (Dkt. No. 25). This Court should not complicate the upcoming scheduling conference on December 8, 2025 by allowing AbbVie to participate. It is premature for AbbVie to participate when AbbVie has not moved to intervene or been granted intervention. *See* Fed. R. Civ. P. 24.

Tomorrow's conference will address scheduling for Plaintiffs' motion for a temporary restraining order. As Plaintiffs have explained, this is a case that "badly need[s] to be expedited." *See Daggett v. Comm'n on Gov. Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). AbbVie's participation would needlessly encumber motion practice that must allow for a decision before the 340B Rebate Pilot Program's January 1 effective date, at which point the irreparable harms on rural and other safety-net hospitals will grow larger. *See T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) ("Multiplying the number of parties in a case will often lead to delay."); *Pharm. Res. & Mfrs. of Am. v. Comm'r, Me. Dep't of Hum. Servs.*, 201 F.R.D. 12, 16 (D. Me. 2001) (denying motion to intervene where would-be intervenor's "presence would risk delaying the adjudication").

More generally, AbbVie is an unnecessary party to this matter, will not provide this Court



any information that Defendants cannot themselves provide, and will unduly delay these proceedings. This case presents a straightforward challenge to the government's failure to follow the basic requirements of the Administrative Procedure Act. The government is fully capable of defending its own administrative actions (or lack thereof) without the involvement of private parties like AbbVie. "[W]hen a would-be intervenor seeks to appear alongside a governmental body in defense of the validity of some official action," courts presume that "the government adequately represents the interests of the would-be intervenor" such that there is no right to intervene. *T-Mobile Ne. LLC*, 969 F.3d at 39. The fact that a would-be intervenor may wish to present different arguments or have different motivating interests does not defeat the presumption that the government will adequately represent the would-be intervenor's interests. *SEC v. LBRY, Inc.*, 26 F.4th 96, 99–100 (1st Cir. 2022); *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 562 (1st Cir. 2021).

AbbVie indicated it will seek to intervene because "AbbVie has been accepted as a participant into the Rebate Model Pilot Program that Plaintiffs seek to enjoin in this litigation." Dkt. No. 25 at 1 (Dec. 5, 2025). Put another way, AbbVie shares the same goal as the government in defending the 340B Rebate Program. That is an insufficient basis to support intervention. *E.g.*, *LBRY, Inc.*, 24 F.4th at 99 (affirming denial of motion to intervene where would-be intervenor "concedes that it shares [the party's] litigation objective") (cleaned up); *Pharm. Res. & Mfrs. of Am.*, 201 F.R.D. at 15 (denying intervention even where movant claimed a desire to make a different argument than those articulated by party).

This Court, of course, may allow AbbVie to file an *amicus curiae* brief without intervening. The First Circuit has repeatedly recognized that approach is proper where a would-be intervenor's interests are adequately represented by the government, but it nevertheless wishes to offer different

legal arguments. *Victim Rts. L. Ctr.*, 988 F.3d at 564; *Maine v. Norton*, 203 F.R.D. 22, 30 (D. Me.), *aff'd sub nom*, *Maine v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 19–20 (1st Cir. 2001); *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999); *Daggett*, 172 F.3d at 113. Plaintiffs hereby consent to such participation, so long as AbbVie files its *amicus curiae* brief on the same date as the government responds to Plaintiffs' motion, which will allow Plaintiffs to address AbbVie's arguments in their reply brief.

          Respectfully submitted,

          */s/ L. Rush Atkinson*
          Karen Dunn*
          L. Rush Atkinson*
          Lyle W. Gruby*
          Jenifer N. Hartley**
          Tyler T. Mikulis**
          **Dunn Isaacson Rhee LLP**
          401 9th Street, NW
          Washington, DC 20004
          (202) 240-2900
          kdunn@dirllp.com
          ratkinson@dirllp.com
          lgruby@dirllp.com
          jhartley@dirllp.com
          tmikulis@dirllp.com

          Melissa A. Hewey
          Jennifer S. Riggle
          **Drummond Woodsum Attorneys At Law**
          84 Marginal Way, Suite 600
          Portland, ME 04101
          (207) 253-0528
          mhewey@dwmlaw.com
          jriggle@dwmlaw.com

          *Admitted pro hac vice.
          **Admitted in NY only; practice supervised by members of D.C. Bar. Admitted pro hac vice.*

cc: All counsel of record via CM/ECF.

