# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR. SECRETARY of the U.S. Department of Health and Human Services, *et al.*, <br><br> Defendants. | No. 2:25-cv-600-LEW |

## NOTICE REGARDING PORTIONS OF THE ADMINISTRATIVE RECORD

On December 19, 2025, this Court heard argument on Plaintiffs' motion for a preliminary injunction, Doc. No. 3, in the above captioned matter. The Court had questions about the Administrative Record and what it would show, so Defendants have compiled a sample of some of the materials that will be included in the Administrative Record to give the Court a better sense of the depth of the agency's consideration of the issues, as further articulated in the declaration submitted with Defendants' preliminary injunction opposition, *see* Decl. of Chantelle Britton, Doc. No. 71-1. These materials are not comprehensive; Defendants will compile a complete Administrative Record and produce a certified index of that record at the appropriate time.

Defendants also respectfully submit that, even if the Court were to find a failure to comply with the Administrative Procedure Act at final judgment, the appropriate remedy would be to remand to the agency for further consideration or explanation without setting aside the agency's decisions. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."); *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 60 (D.C. Cir. 2015) ("[B]edrock principles of administrative law preclude us from declaring definitively that the Secretary's decision was arbitrary and capricious without first affording her an opportunity to articulate, if possible, a better explanation" (citation

modified)); *see also Town of Weymouth v. Massachusetts Dep't of Env't Prot.*, 973 F.3d 143, 146 (1st Cir. 2020) (remanding without vacatur); *Central Maine Power Co. v. FERC*, 252 F.3d 34, 48 (1st Cir. 2001) ("A reviewing court that perceives flaws in an agency's explanation is not required automatically to set aside the inadequately explained order."). Because that is the relief Plaintiffs would theoretically be entitled to at final judgment, it is not appropriate to grant the broader relief of enjoining the agency's decisions at this preliminary stage. In other words, because a preliminary injunction is meant to preserve the status quo until a court can grant an effective remedy, *see Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200–01 (3d Cir. 2024), any preliminary relief should not go beyond what Plaintiffs may be entitled to at final judgment.

Dated: December 22, 2025

                Respectfully submitted,

                YAAKOV M. ROTH
                Principal Deputy Assistant Attorney General
                Civil Division

                MICHELLE R. BENNETT
                Assistant Director
                Federal Programs Branch

                */s/ Elisabeth J. Neylan*
                Elisabeth J. Neylan
                Trial Attorney (N.Y. Bar Reg. No. 6125736)
                United States Department of Justice
                Civil Division, Federal Programs Branch
                1100 L St. NW
                Washington, DC 20005
                Tel: (202) 616-3519; Fax: (202) 616-8460
                E-mail: Elisabeth.J.Neylan@usdoj.gov

                *Attorneys for Defendants*