# Dunn Isaacson Rhee

December 23, 2025

Hon. Lance E. Walker
Chief U.S. District Judge
Edward T. Gignoux U.S. Courthouse
156 Federal Street
Portland, Maine 04101

    *Re*:    AstraZeneca Pharmaceuticals LP's "Supplemental Filing of Records Reflecting Agency Approval of Pilot Program Proposal" (ECF Doc. 88)

Dear Chief Judge Walker:

    Following Defendants' unauthorized sur-reply submission, non-party AstraZeneca has now added its own belated submission. It was improper for a party to submit belated materials, and it is more so for a drug company that was denied intervention. With the January 1, 2026 effective date rapidly approaching, Plaintiffs do not wish to waste this Court's resources with a lengthy response. We simply note that, like Defendants' submission yesterday, AstraZeneca's documents only underscore the many Administrative Procedure Act failings with Defendants' Rebate Program. For example:

- The bulk of AstraZeneca's submission contains documents that pre-date the Rebate Program—when Defendants were *objecting* to drug companies' unilateral efforts to impose a rebate model. Accordingly, AstraZeneca's documents underscore that, as Plaintiffs have alleged, Defendants never adequately addressed reliance interests or explained their change in position just a year later. *E.g.*, ECF Doc. 1 ¶¶ 43–44, 110; *see also* ECF Doc. 3 at 4–5.

- AstraZeneca cites its *own* private presentations to the government in early 2025. These are not a substitute for a Defendant agency's explanations of costs and benefits of the Rebate Program, especially following *two* public comment periods. *E.g.*, *Ohio v. EPA*, 603 U.S. 279, 293–94 (2024) (holding EPA "ignored an important aspect of the problem" where "commenters posed

this concern to EPA during the notice and comment period, [but] EPA offered no reasoned response" (quotation omitted)).

- None of AstraZeneca's documents address the hundreds of millions of dollars in *administrative costs* that Plaintiffs and their members will pay (and are paying now) as a result of Defendants' unlawful Rebate Program—a cost that the government *has admitted* that it did not adequately consider. *See* ECF Doc. 1 ¶¶ 144 & n.12, 145, 149; ECF Doc. 75-1 (Britton Decl.) ¶ 35.

These documents obviously do not, as AstraZeneca suggests, "indicate the agency's consideration of the program's potential costs for covered entities." ECF Doc 88 at 1. We are of course happy to provide any additional submissions should the Court find such briefing helpful.

Respectfully submitted,

/s/ L. Rush Atkinson
Karen L. Dunn*
L. Rush Atkinson*
Lyle W. Gruby*
Jenifer N. Hartley**
Tyler T. Mikulis**
**Dunn Isaacson Rhee LLP**
401 9th Street, NW
Washington, DC 20004
(202) 240-2900
kdunn@dirllp.com
ratkinson@dirllp.com
lgruby@dirllp.com
jhartley@dirllp.com
tmikulis@dirllp.com

Melissa A. Hewey
Jennifer S. Riggle
**Drummond Woodsum Attorneys At Law**
84 Marginal Way, Suite 600
Portland, ME 04101
(207) 253-0528
mhewey@dwmlaw.com
jriggle@dwmlaw.com



*Admitted pro hac vice.*
*\*\*Admitted in NY only; practice supervised by members of D.C. Bar. Admitted pro hac vice.*

cc: All counsel of record via CM/ECF.

Dunn Isaacson Rhee LLP
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



3