UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| AMERICAN HOSPITAL ASSOCIATION, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| ROBERT F. KENNEDY, JR., SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 2:25-cv-00600-LEW

**ORDER ON MOTION FOR STAY PENDING APPEAL**

The matter returns to the Court on Defendants' Motion to Stay Preliminary Injunction Pending Appeal (ECF No. 92). Yesterday, I granted Plaintiffs a preliminary injunction that enjoins Defendants from implementing a pilot rebate program that, based on a preliminary assessment, Defendants never bothered to stand up in the first place, including by failing to develop a meaningful administrative record. Order on Mot. for Prelim. Inj. (ECF No. 90).

Pursuant to the Federal Rules of Appellate Procedure, a party appealing the entry of a preliminary injunction by the District Court may seek a stay of the injunction pending appeal. Fed. R. App. P. 8(a). Ordinarily, the party must first request such relief from the District Court. Fed. R. App. P. 8(a)(1)(A). To secure a stay, "the moving party need not

persuade the court that it is likely to be reversed on appeal." *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 150 (D. Mass. 1998). However, "more than a mere possibility of relief is required." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). The provision of a stay pending appeal is a discretionary matter attuned to the circumstance of the case at hand. *Id*. at 433. The exercise of that discretion is guided by the moving party's ability to convincingly demonstrate the following: (1) likelihood of success on appeal; (2) irreparable harm absent injunctive relief; (3) a lack of substantial injury to others having an interest in the decision under appeal; and (4) service of the public interest. *Id.* at 434; *see also State of New Jersey v. Trump*, 131 F.4th 27, 33-34 (1st Cir. 2025); *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements Inc.*, 794 F.3d 168, 171 (1st Cir. 2015).

Of these elements, the "first two factors are the most critical," *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st 2010), but failure to "show a strong likelihood of success" on appeal is an independent basis for denial of an injunction pending appeal. *Id*.; *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (per curiam); *In re Elias*, 182 F. App'x 3 (1st Cir. 2006) (per curiam).

Defendants state that a stay is needed to "prevent disruption of industry preparation to implement a pair of significant programs scheduled to take effect on January 1." Mot. to Stay Mem. at 1 (ECF No. 92-1). In fact, the preliminary injunction preserves the status quo and granting the requested stay would produce the far greater disruption to administration of the 340B program at large. Moreover, as explained in the Order on appeal, given the anemic administrative record, advancing the pilot rebate program on this

timetable is likely an arbitrary undertaking. For these reasons, I find that Defendants are unlikely to secure the relief that they seek in the First Circuit; that they do not face an irreparable injury of their own due to the preliminary injunction; that substantial injuries would flow to others from the grant of a stay; and that the public's interest is not on the line if the requested stay is denied. Indeed, there is no apparent, actual urgency to the January 1 start date and, based on my preliminary assessment of the record, the Defendants would be better off attending to the minimal administrative steps the APA imposes in order to fortify the pilot rebate program rather than attempting to lower the bar for administrative action in service to "industry preparation" interests.

Defendants' Motion to Stay Preliminary Injunction Pending Appeal (ECF No. 92) is DENIED.

SO ORDERED.

Dated this 30th day of December, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge